**THE WESTON FIRM**
GREGORY S. WESTON (239944)
JACK FITZGERALD (257370)
888 Turquoise Street
San Diego, CA 92109
Telephone: 858 488 1672
Facsimile:  480 247 4553
greg@westonfirm.com
jack@westonfirm.com

<u>Counsel for Plaintiffs</u>

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HENDERSON and EILEEN JOY PEVIANI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRUMA CORPORATION and GRUMA S.A.B. de C.V.,<br><br>Defendants. | Case No.: 2:10-cv-04173 AHM (AJWx)<br>Pleading Type:    Class Action<br>Action Filed:    June 4, 2010<br><br>**PLAINTIFFS' OPPOSITION TO GRUMA CORPORATION'S MOTION TO "STRIKE" UNDER RULE 9(b)**<br><br>The Honorable A. Howard Matz<br><br>Date:    September 20, 2010<br>Time:    10:00 a.m.<br>Courtroom:    14 |

---

*Henderson et al. v. Gruma Corporation et al.,* Case No. 2:10-cv-04173 AHM (AJWx)
PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO GRUMA'S PURPORTED MOTION TO "STRIKE"

Though styled a motion to "strike," Gruma purportedly moves pursuant to Rule 9(b) itself, ignoring completely Rule 12(f)'s "immaterial, impertinent, or scandalous" standard. But Rule 9(b) does not offer the "striking" relief Gruma requests. It merely sets out the pleading requirement for fraud. A claim that a pleading is deficient under Rule 9(b)'s heightened standards is properly brought as a motion to dismiss. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 782 n.5 (4th Cir. 1999) ("[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)."); *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997) ("[F]ailure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under rule 12(b)(6)." (citation omitted)).

Gruma filed this motion after it filed a 25-page Motion to Dismiss, which raised no 9(b) issue (Dkt. No. 23). And, the Court denied Gruma's *ex parte* motion for permission to exceed the 25-page limit. (Dkt. No. 36.) Gruma should not be allowed to circumvent the District's Local Rules by styling a Rule 12(b) motion as one brought under Rule 12(f) or—nonsensically—Rule 9(b). Plaintiffs therefore respectfully request the Court not consider any defense brought under Rule 9. If it nevertheless considers whether the FAC meets Rule 9(b)'s pleading requirements, the Court should find that it does.

Rule 9(b) is satisfied where allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). And while averments of fraud must be particularized, Rule 9(b) "must be read in harmony with Fed. R. Civ. P. 8's requirement of a 'short and plain'

1

1  statement of the claim." *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108, 2007
2  U.S. Dist. LEXIS 659, at *5 (N.D. Cal. Aug. 29, 2007). The particularity
3  requirement is satisfied "if the complaint 'identifies the circumstances constituting
4  fraud so that a defendant can prepare an adequate answer from the allegations.'"
5  *Id.* (quoting *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.
6  1989)). A claim should not be dismissed under Rule 9(b) where "[a]lthough
7  plaintiffs do not identify every speaker who made representations to them . . . there
8  is more than sufficient detail in the Complaint to enable defendants to formulate a
9  defense." *Elhilu v. Quizno's Franchising Co., LLC*, No. 06-cv-07855, 2008 U.S.
10 Dist. LEXIS 109435, at *12 (C.D. Cal. Apr. 3, 2008). Moreover, the requirements
11 of Rule 9(b) "may be relaxed with respect to matters within the opposing party's
12 knowledge. In such situations, plaintiffs can not be expected to have personal
13 knowledge of the relevant facts." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.
14 1993).

15  Gruma's motion under Rule 9(b) is improper at the threshold because Gruma
16 has already filed its Answer. (Dkt. No. 26.) Because the purpose of Rule 9(b) is to
17 enable the defendant to file an answer, that filing admits the sufficiency of a
18 plaintiff's allegations. Gruma certainly provides no authority for the proposition
19 that a court has discretion to dismiss a complaint under Rule 9(b) after an answer
20 has been filed. Gruma's motion to "strike" also regurgitates an argument in
21 Gruma's Motion to Dismiss, i.e., that the FAC "fails to identify how each
22 statement was material to and relied upon by each Plaintiff and when reliance took
23 place." (Mot. at 2; *see* Gruma Mot. to Dismiss, Dkt. No. 23, at 20-24.) Plaintiffs
24 address that erroneous argument in their Opposition to Gruma's Motion to
25 Dismiss, in Section E(1).

26  Finally, unlike the complaint dismissed in *Kearns v. Ford Motor Co.*, 567
27 F.3d 1120 (9th Cir. 2009), which failed to state the specific content of the allegedly
28 deceptive statements, *id.* at 1126, Plaintiffs here specify the exact wording of each

2

*Henderson et al. v. Gruma Corporation et al., Case No. 2:10-cv-04173 AHM (AJWx)*
PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE

deceptive statement, include images of each product claim challenged, and describe in detail why each statement is deceptive. (FAC ¶¶ 71-81 & photos.) This is sufficient to satisfy Rule 9(b) in a consumer false advertising case. *Von Koenig v. Snapple Beverage Corp.*, No. 09-cv-606, 2010 U.S. Dist. LEXIS 55987, at *21-24 (E.D. Cal. May 7, 2010) (in a false advertising case, a plaintiff's "allegation[s] are sufficient to establish the 'time, place, and specific content' requirements of Rule 9(b)" where she alleges (1) the specific misrepresentations challenged by attaching the product labels, (2) the time period when the misrepresentations were made, and (3) that she would not have purchased the product if she had not relied on the alleged deception).

Gruma's motion under Rule 12(e) suffers the same defect as its Rule 9(b) motion—it offers a remedy only to a party that "cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), not to defendants like Gruma who have already answered. Gruma's requests are also unnecessary. For example, it requests Plaintiffs parse out the relief requested in the FAC's Prayer, but the FAC already does that. (*See* FAC ¶¶ 119-20, 124-25, 129, 133.) It also requests Plaintiffs somehow identify the exact amount of trans fat in its products, information that is in Gruma's exclusive possession. Plaintiffs allege the Mission products contain partially hydrogenated vegetable oil, meaning they necessarily contain trans fat. Because Plaintiffs allege trans fat is harmful at any level, and that its presence in the Mission products makes their front-label statements misleading—analysis that does not change depending on the precise amount of trans fat present—the exact trans fat content is unnecessary.[1]

---

[1] Gruma's request that Plaintiffs provide the exact cholesterol content misinterprets Plaintiffs' claims. Plaintiffs allege Gruma's "0g Cholesterol" advertisement is misleading, not because of the Spicy Bean Dip's cholesterol content, but because trans fat raises blood cholesterol while Gruma capitalizes on consumers' misconception about the connection between dietary cholesterol and heart disease. (*See* FAC ¶¶ 67-70.) *See generally Yumul v. Smart Balance, Inc.*, No. CV 10-

3

| | | |
|---|---|---|
| 1 | Dated: August 13, 2010 | Respectfully Submitted, |
| 2 | | |
| 3 | | /s/Jack Fitzgerald |
| | | Jack Fitzgerald |
| 4 | | |
| 5 | | **THE WESTON FIRM** |
| | | Gregory S. Weston |
| 6 | | Jack Fitzgerald |
| 7 | | 888 Turquoise Street |
| | | San Diego, CA 92109 |
| 8 | | Telephone:  858 488 1672 |
| 9 | | Facsimile:    480 247 4553 |
| 10 | | *Counsel for Plaintiffs* |

---

00927, slip. op. at 15 (C.D. Cal., May 24, 2010) (lodged concurrently with Plaintiffs' Opposition to Gruma's Motion to Dismiss) (front-label "no cholesterol" advertisement on margarine containing trans fat could be misleading to the reasonable consumer who might conclude the product does not increase LDL blood cholesterol levels.)

4

*Henderson et al. v. Gruma Corporation et al., Case No. 2:10-cv-04173 AHM (AJWx)*
PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE