**THE WESTON FIRM**
GREGORY S. WESTON (239944)
JACK FITZGERALD (257370)
888 Turquoise Street
San Diego, CA 92109
Telephone:   858 488 1672
Facsimile:    480 247 4553
greg@westonfirm.com
jack@westonfirm.com

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HENDERSON and EILEEN JOY PEVIANI, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>     v.<br><br>GRUMA CORPORATION,<br><br>                  Defendant. | Case No.: 2:10-cv-04173 AHM AJW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF TERMINATION OF BECK & LEE**<br><br>Judge: The Hon. A. Howard Matz |

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Mary Henderson and Eileen Joy Peviani are both happy clients of only the Weston Firm. They both first contacted Mr. Weston in 2008 because they were class members in another class action involving real estate investments, and periodically contacted Mr. Weston during its pendency. In that action, the Hon. Margaret M. Morrow appointed the Weston Firm sole class counsel and both Ms. Henderson and Ms. Peviani received sizable settlements. Thereafter, they stayed in touch with Mr. Weston and sometimes brought other legal issues they had to him.

Plaintiffs, by contrast, have never even spoken to the two Beck attorneys in Miami. They also never signed any retainer agreement with the Becks, whose involvement in the action is solely the result of the Weston Firm's invitation. Their involvement, unfortunately, was marked by constant conflict, poor performance, and repeated instances of unprofessional behavior by the Becks.

This rocky relationship was formally ended on August 12 when Mr. Weston sent the Becks a letter telling them they could no longer work on the matter or represent themselves as Plaintiffs' attorneys. The letter also asked: "I kindly request you promptly file a notice of withdrawal with the clerk via the ECF system in this matter." The next day Mr. Beck wrote a letter acknowledging receipt of the letter, but refusing to file a notice of withdrawal[1] and stating they had information suggesting Mr. Weston had engaged in various improprieties.

Because the Becks refused to file a notice of withdrawal, Ms. Henderson and Ms. Peviani were forced to file a signed notice of termination (Dkt. No 37), which

---

[1] Mr. Weston's letter also directed the Becks not to directly contact his clients. This, too the Becks refused. On August 15, two of Mr. Weston's clients in other actions informed him they had received calls and voicemail messages from the Becks. Mr. Weston then immediately wrote the Becks warning them that these calls violated professional rules. Even after this letter, however, the calls continued, and were later followed by a direct e-mail to the clients.

1

the Becks, no longer authorized to file anything here as non-parties, now have inappropriately filed an "Opposition" to (Dkt. No. 38).

Plaintiffs, however, have an absolute right to terminate their counsel, and their signed notice unambiguously reflects that they have done so. The Becks are not parties to this action, and their dispute with the Weston Firm over their termination is not an issue for the Court resolve, but a contract dispute between the law firms, not between Plaintiffs and Gruma Corporation. Beck & Lee have no standing to file documents with the Court. If the Becks have evidence the Weston Firm is not qualified to represent the proposed class, they are free to provide such evidence to Defendant, who may use it to oppose class certification.[2]

## II. PLAINTIFFS HAVE THE ABSOLUTE RIGHT TO TERMINATE BECK & LEE

A client's power to discharge an attorney, with or without cause, is absolute. *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972). *See also Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395 (9th Cir. 1988) (California law holds "a client's power to discharge an attorney, with or without cause, 'is absolute.'" (citing *Fracasse*)); *In re Aesthetic Specialties, Inc.*, 37 B.R. 679, 680 (B.A.P. 9th Cir. 1984) ("It is well settled in California that a client's power to discharge his attorney, with or without cause, is absolute" (citing *Fracasse*)); *Marquam v. Vachon*, 7 F.2d 607, 607 (9th Cir. 1925) ("[T]he right of the client to dismiss the attorney, whether with or without cause and at any time, is an implied condition of

---

[2] The Becks' accusations are completely false. In an action similar to this challenging the use of trans fat and deceptive labeling of margarine, which has tentatively settled on a class-wide basis, the Weston Firm filed an exhaustive brief rebutting the Becks' allegations. That brief was 31 pages, was supported by seven declarations and affidavits, and 51 exhibits. If called upon by the Court, Plaintiffs will do the same here, but for the reasons described herein, that should not be necessary.

2

*Henderson et al. v. Gruma Corporation,* Case No. 2:10-cv-04173 AHM AJW
PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF TERMINATION OF BECK & LEE BY PLAINTIFFS

the contract of employment."); *Plessinger v. Castleman & Haskell*, 838 F. Supp. 448, 450 (N.D. Cal. 1993) ("California has long recognized that a client's power to discharge an attorney, with or without cause, is absolute." (citing *Fracasse*)); *Santa Clara County Counsel Attys. Ass'n v. Woodside*, 7 Cal. 4th 525, 555 (1994) (Cal. Code Civ. P. § 284 "confer[s] upon clients . . . the "[absolute] power to discharge an attorney, with or without cause." (citing *Fracasse*; *Gage v. Atwater*, 136 Cal. 170, 172 (1902) ("the interest of the client in the successful prosecution or defense of the action is superior to that of the attorney, and he has the right to employ such attorney as will in his opinion best subserve his interest."))).

"It should be sufficient that the client has, for whatever reason, lost faith in the attorney, to establish 'cause' for discharging him." *Fracasse*, 6 Cal. 3d at 790. Once the Court determines a party has terminated her counsel, it has no discretion to deny that termination and force upon the party the services of terminated lawyers. *See, e.g.*, *Alvarado v. Fedex Corp.*, No. 04-0098, 2009 U.S. Dist. LEXIS 122581, at *12-13 (N.D. Cal. Dec. 18, 2009) (after clearing up "conflicting submissions" about who represented plaintiffs, Judge Illston granted Notices of Termination substantially similar to the Notice Plaintiffs filed here, attached hereto as Exhibit A).

Recognizing this, the Hon. Claudia Wilken and the Hon. George Wu have entered termination orders against the Becks over their opposition and before any reply brief such as this was filed. See <u>Order Terminating Beck Firm from *Red et al. v. Kraft Foods Inc. et al.*</u> (Exhibit B) and <u>Order Terminating Beck Firm from *Logan v. Apple, Inc. et al.*</u> (Exhibit C).

It makes no difference that the Weston Firm and Beck & Lee were parties to a fee sharing agreement. Plaintiffs were neither notified of the arrangement nor provided a full written disclosure of the terms of the fee division. And, Plaintiffs gave no written consent. As a matter of law, that renders the agreements void and

3

unenforceable. *Chambers*, 29 Cal. 4th 142 (2002). Even if the contract between the Weston Firm and Beck & Lee were not void and the Weston Firm breached it, specific performance is not a remedy for breaches of contracts for personal services, especially here where it would force Plaintiffs use the services of a attorneys they have unambiguously stated they do want to represent them. *See generally*, *Fracasse*, 6 Cal. 3d at 792 ("since the attorney agreed initially to take his chances on recovering any fee whatever, we believe that the fact that the success of the litigation is no longer under his control is insufficient to justify imposing a new and more onerous burden on the client").[3]

## III.  CONCLUSION

Plaintiffs' desire to terminate the Becks, as evidenced by the termination form they submitted to the Court, is not even disputed by the Becks. The Becks, rather than file the appropriate notice of withdrawal form, have instead retaliated by filing into the docket, under their former clients' names, false and inflammatory allegations against their current counsel. The Court should not allow this behavior, and remove the Becks from the listing of Plaintiffs' counsel of record and thereby prevent them from filing further documents via ECF into the docket of this action under Plaintiffs' names.

Dated:  August 26, 2010                                  Respectfully Submitted,

                                                         s/Gregory S. Weston
                                                         Gregory S. Weston

---

[3] *See also Pac. Elec. Ry. Co. v. Campbell-Johnston*, 153 Cal. 106, 117 (1908); Cal. Civ. Code § 3390(2), (5) (personal service contracts can never be specifically enforced).

4

*Henderson et al. v. Gruma Corporation,* Case No. 2:10-cv-04173 AHM AJW
PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF TERMINATION OF BECK & LEE BY PLAINTIFFS

**THE WESTON FIRM**
Gregory S. Weston
Jack Fitzgerald
888 Turquoise Street
San Diego, CA 92109
Telephone:  858 488 1672
Facsimile:   480 247 4553

Counsel for Plaintiffs

---

5

*Henderson et al. v. Gruma Corporation,* Case No. 2:10-cv-04173 AHM AJW
PLAINTIFFS' REPLY IN SUPPORT OF NOTICE OF TERMINATION OF BECK & LEE BY PLAINTIFFS