R.D. KIRWAN (SBN 46259)
DAVID C. ALLEN (SBN 190479)
KALIA C. PETMECKY (SBN 194094)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:    310-229-1000
Facsimile:    310-229-1001
E-Mail:    rkirwan@akingump.com
            dallen@akingump.com
            kpetmecky@akingump.com

GREGORY S.C. HUFFMAN (Admitted *Pro Hac Vice*)
NICOLE L. WILLIAMS (Admitted *Pro Hac Vice*)
**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:    214-696-1700
Facsimile:    214-969-1751
E-Mail:    gregory.huffman@tklaw.com
            nicole.williams@tklaw.com

Attorneys for Defendant
GRUMA CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION - SPRING STREET COURTHOUSE

| | |
|---|---|
| MARY HENDERSON and EILEEN JOY PEVIANI, on behalf of themselves and all others similarly situated, | Case No. CV10-4173-AHM (AJWx) |
| Plaintiffs, | **DEFENDANT GRUMA CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| GRUMA CORPORATION and GRUMA S.A.B. de C.V., | Date:    September 20, 2010 |
| | Time:    10:00 a.m. |
| Defendants. | Ctrm:    14 |
| | Judge:   Hon. A. Howard Matz |

1
2

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .........................................................................................1

II.   ARGUMENT................................................................................................2

      A.    Plaintiffs' Opposition Further Supports That Their Claims are Pre-
            empted by FDA Regulations. .........................................................2

      B.    Plaintiffs Fail to Establish That A Reasonable Consumer Would Be
            Deceived by any of the Alleged False Statements. ...............................4

            1.    *Yumul* Does Not Support Plaintiffs' Argument. .........................4

      C.    The Challenged Statements as to "The Authentic Tradition" and "All
            Natural" are Non-Actionable Puffery.......................................................5

            1.    Gruma's Trademark "The Authentic Tradition™" Has No
                  Likelihood to Mislead Reasonable Consumers. .......................5

            2.    "All Natural" Is Not Misleading. ...............................................5

      D.    The Statements "Guacamole" and "With Garden Vegetables"
            Truthfully Describe Product Content and Therefore and not
            Actionable. ......................................................................................6

            1.    Gruma's Labels Are True and a Reasonable Consumer Would
                  Know That...................................................................................6

      E.    Plaintiffs Admit They Failed to Provide the Required Pre-Suit
            Notice. .....................................................................................................7

      F.    Plaintiffs May Not Extraterritorially Expand California's UCL, FAL
            and CLRA Claims to Non-California Residents Who Were Allegedly
            Harmed in States Other Than California, and the Court Need Not
            Wait to Partially Dismiss the Class. .......................................................8

      G.    Plaintiffs Have No Standing................................................................9

            1.    Standing to Seek Damages Does Not Establish Standing to
                  Seek Injunctive Relief.................................................................9

            2.    Plaintiffs Have No Standing Because There Are No Plausible
                  Allegations of Actual Reliance. ...............................................10

            3.    Any Injury Plaintiffs May Have Suffered Is *De Minimis*.........12

      H.    Plaintiffs Improperly Seek Disgorgement Beyond Restitution...........12

III.  CONCLUSION............................................................................................13

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Chae v. SLM Corp.,*
   593 F.3d 936 (9th Cir. 2010) ................................................................3

*Consumer Advocates v. Echostar Satellite Corp.,*
   113 Cal.App.4th 1351 (2003) ...............................................................4

*Fidelity Federal Savings and Loan Assoc. v. de la Cuesta,*
   458 U.S. 141 (1982)..............................................................................3

*Fortyune v. American Multi-Cinema, Inc.*
   364 F.3d 1075 (9th Cir. 2004) ..............................................................9

*Freeman v. Time, Inc.,*
   68 F.3d 285 (9th Cir. 1995) ..............................................................4, 5

*Heighley v. J.C. Penney Life Ins. Co.,*
   257 F. Supp. 2d 1241 (C.D. Cal. 2003) ................................................5

*Hitt v. Arizona Beverage Co., LLC,*
   2009 U.S. Dist. LEXIS 16871 (2009)...................................................6

*Hodgers-Durgin v. de la Vina,*
   199 F.3d 1037 (9th Cir. 1999) ..............................................................9

*In re Mattel,*
   588 F. Supp. 2d 1111 (C.D. Cal. 2008) ................................................7

*Keilholtz v. Lennox Hearth Prods.,*
   2010 U.S. Dist. LEXIS 14553 (N.D. Cal. Feb. 16, 2010) ....................8

*Korea Supply Co. v. Lockheed Martin Corp.,*
   131 Cal. Rptr. 2d 29 (Cal. 2003) ........................................................12

*Lockwood v. Conagra Foods, Inc.,*
   597 F. Supp. 2d 1028 (N.D. Cal. 2009)................................................6

*McKinnis v. General Mills,*
   2007 U.S. Dist. LEXIS 96107 (C.D. Cal. 2007) ..................................4

*McKinnis v. Kellogg USA*,
    2007 WL 4766060 (C.D. Cal. 2007) ....................................................................4

*McKinnis v. Sunny Delight Beverages Co.*,
    2007 WL 4766525 (C.D. Cal. 2007) ....................................................................4

*Meridian Project Systems, Inc. v. Hardin Construction Co., LLC*,
    404 F. Supp. 2d 1214 (2005) .............................................................................8

*Norwest Mortgage, Inc. v. Superior Court*,
    72 Cal. App. 4th 214 (1999) .....................................................................1, 8, 9

*Parr v. L&L Drive-Inn Restaurant*
    96 F. Supp. 2d 1065 (D. Haw. 2000)..................................................................9

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)..........................................................................................8, 9

*Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*,
    405 F. Supp. 2d 1141 (C.D. Cal. 2005) .............................................................8

*Sugawara v. Pepsico, Inc.*,
    2009 WL 1439115 (E.D.Cal. 2009)....................................................................4

*Utilities Consumers' Action Network v. Sprint Solutions, Inc.*,
    2008 WL 3842914 (S.D. Cal. Aug. 15, 2008)....................................................7

*Videtto v. Kellogg USA*,
    2009 WL 1439086 (E.D.Cal. 2009)....................................................................4

*Von Koenig v. Snapple Beverage Corp.*,
    2010 U.S. Dist LEXIS 55987 (E.D. Cal 2010)..................................................6

*Williams v. Gerber Products Co.*,
    552 F.3d 934 (9th Cir. 2008) ....................................................................4, 6, 7

*Wright v. General Mills, Inc.*,
    2009 U.S. Dist LEXIS 90576 (S.D. Cal. 2009)..................................................6

*Yumul v. Smart Balance, Inc.*,
    No. CV 10-00927 (C.D. Cal. May 24, 2010) ....................................................4

**STATUTES**

21 C.F.R. § 101.9(c)(2)(ii) ......................................................................................2

21 C.F.R. §101.9(c)(3) ..................................................................................2

21 C.F.R. § 101.13 .......................................................................................3

21 C.F.R. § 101.13(i) (2009) .........................................................................2

U.S. Const., Article III .................................................................................9

**RULES**

Federal Rule of Civil Procedure 8(e) ....................................................10, 11

Federal Rule of Civil Procedure 9(b) ..........................................................4

Federal Rule of Civil Procedure 12 .........................................................5, 8

Federal Rule of Civil Procedure 23 .........................................................8, 9

## I.   **INTRODUCTION**

Plaintiffs fail to establish any of the necessary requirements to state a claim.

*First*, in an attempt to avoid preemption, Plaintiffs concoct a distinction between "front" and "back" labeling that would purportedly turn an FDA approved nutrition fact placed in the nutritional box on the back of the product, into a misrepresentation simply by placing it on the front.  The law recognizes no such distinction.

*Second*, Plaintiffs rely on unreported, distinguishable cases to claim that a reasonable consumer would be deceived by Gruma's labeling.  The greater weight of the case law supports dismissal of Plaintiffs' claims because a reasonable consumer would not be deceived by the challenged statements, which Gruma shows are non-actionable puffery and truthful.

*Third*, Plaintiffs concede that they failed to provide the required CLRA pre-suit notice.

*Fourth*, Plaintiffs ignore the mandates of *Norwest*, which preclude them from applying California state claims extraterritorially to non-California residents who were allegedly harmed in states other than California.

*Fifth*, equally flawed are Plaintiffs arguments on standing.  It is settled that standing to seek damages does not establish standing to seek injunctive relief.  In addition, Plaintiffs have already conceded that they did not rely on the alleged false statements, a requisite for their claims, nor could they given the *de minimis* nature of the claims.

Gruma, therefore, respectfully requests that the Court grant its Motion to Dismiss with prejudice.

Defendant's Reply in Support of Motion to Dismiss First Amended Complaint

CV10-4173 AHM (AJWx)

## II.   **ARGUMENT**

### A.   **Plaintiffs' Opposition Further Supports That Their Claims are Pre-empted by FDA Regulations.**

Gruma seeks to dismiss Plaintiffs' claims as to "0g Trans Fat" and "0g Cholesterol" because the FDA has regulated how those disclosures are to be made and Plaintiffs do not allege that Gruma is in violation of the FDA regulations.

Plaintiffs concede that Gruma's listing of "0g Trans Fat" and "0g Cholesterol" in the nutrition facts box is required by FDA regulations and hence pre-empted.  Opp. at 4-5, 10.  Plaintiffs now argue that the very same disclosures on the front label should be allowed to be attacked under state law and not be preempted.  Plaintiffs' interpretation of preemption would lead to the absurd result of a violation of state law for duplication of a federally-mandated disclosure on the same product label.

As Plaintiffs note, the FDA requires that any other statement of *trans* fat or cholesterol on the label be consistent with the nutrition facts disclosures.  21 C.F.R. § 101.13(i) (2009).[1]  The FDA also requires that these statements not be "false or misleading," which they are not if they are merely exact repetitions of FDA-mandated disclosures.  21 C.F.R. § 101.13(i).  Plaintiffs do not claim that they have any proof that the amount of *trans* fat or cholesterol in Gruma's products exceed the FDA thresholds for a claim of "0g."  *See* 21 C.F.R. § 101.9(c)(2)(ii) ("If the serving contains less than 0.5 gram [of *trans* fat], the content, when declared, shall be expressed as zero."); 21 C.F.R. §101.9(c)(3) ("[P]roducts that contain less than 2 milligrams cholesterol in a serving . . . may state the cholesterol content as zero.").

---

[1] "Except as provided in 101.9 or 101.36, as applicable, or in paragraph (q)(3) of this section, the label or labeling of a product may contain a statement about the amount or percentage of a nutrient if: (1) The use of the statement on the food implicitly characterizes the level of the nutrient in the food and is consistent with a definition for a claim, as provided in subpart D of this part, for the nutrient that the label addresses. Such a claim might be, less than 3 g of fat per serving; . . . or (3) The statement does not in any way implicitly characterize the level of the nutrient in the food and it is not false or misleading in any respect (e.g., 100 calories or 5 grams of fat), in which case no disclaimer is required."

Amazingly, Plaintiffs appear to claim that they are not required to allege any specific amount of *trans* fact or cholesterol in Gruma's products, and even go so far as to say it does not matter whether there even is *any* cholesterol in Gruma's products.  *See* Response to Motion to Strike and for a More Definite Statement at fn. 1 ("Plaintiffs allege Gruma's '0g Cholesterol' advertisement is misleading, not because of the Spicy Bean Dip's cholesterol content….").  Plaintiffs further contend that their claims are not preempted because 21 C.F.R. § 101.13 permits, rather than requires, the front-label statements at issue.  Opp. at 10.

Cases have not allowed the absurd result Plaintiffs seek.  In *Fidelity Federal Savings and Loan Assoc. v. de la Cuesta*, 458 U.S. 141, 155 (1982), the Court held that California law was preempted where it would take away a savings and loan association's option of using a due-on-sale clause as permitted by federal regulations. "The conflict does not evaporate because the [Federal Home Loan Bank] Board's regulation permits, but does not compel, federal savings and loans to include due-on-sale clauses in their contracts . . . ."  [T]he California courts . . . have deprived the lender of the 'flexibility' given it by the Board."  In *Chae v. SLM Corp.,* 593 F.3d 936, 942-43 (9th Cir. 2010), the Ninth Circuit upheld preemption where the plaintiffs were challenging a disclosure allowed to be made by the Department of Education.  "A properly-disclosed [Federal Family Education Loan Program] practice cannot simultaneously be misleading under state law, for state disclosure law is preempted by the federal statutory and regulatory scheme."  Under these cases, a state law challenge to a disclosure allowed by federal law and regulations is preempted.

The incongruous result sought by Plaintiffs would unreasonably restrict the rights of makers and marketers of food products to label their products as expressly permitted by the FDA's regulatory scheme, and hence pre-emption bars Plaintiffs' claims.

**B.      Plaintiffs Fail to Establish That A Reasonable Consumer Would Be Deceived by any of the Alleged False Statements.**

Plaintiffs agree that the Court may decide that Gruma's products are not misleading as a matter of law.  *Freeman v. Time, Inc*., 68 F.3d 285 (9th Cir. 1995); Opp. at 11.  Plaintiffs also agree that the relevant question is whether a "reasonable consumer" would likely be deceived.  *Consumer Advocates v. Echostar Satellite Corp*., 113 Cal.App.4th 1351, 1360 (2003); Opp. at 11.  Contrary to Plaintiffs' contention, however, courts routinely find that certain advertising or labels are "puffery" as a matter of law.  *See e.g.*, Mot. 9-10.  Gruma has cited extensive authority that cases like the present one should be dismissed.  Plaintiffs cite one case.

1.      <u>*Yumul* Does Not Support Plaintiffs' Argument.</u>

Judge Morrow's recent *dicta*[2] in *Yumul v. Smart Balance, Inc.*, No. CV 10-00927 (C.D. Cal. May 24, 2010) is an outlier given the numerous recent cases finding no deception as matter of law (*see, e.g., Sugawara v. Pepsico, Inc.,* 2009 WL 1439115 (E.D.Cal. 2009); *Videtto v. Kellogg USA*, 2009 WL 1439086 (E.D.Cal. 2009); *McKinnis v. General Mills*, 2007 U.S. Dist. LEXIS 96107  (C.D. Cal. 2007); *McKinnis v. Sunny Delight Beverages Co.*, 2007 WL 4766525 (C.D. Cal. 2007); *McKinnis v. Kellogg USA*, 2007 WL 4766060 (C.D. Cal. 2007)).  The *dicta* is also distinguishable from the present case.  Unlike the Gruma products, the Smart Balance margarine in *Yumul* claimed both to have "NO CHOLESTEROL," <u>and</u> to be "healthy."  The Court relied on a footnote in *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008) and found that the two statements could be non-deceptive apart, but when read together, could give rise to deceptive practices.  None of the labels at issue here makes a claim that the product is "healthy."

---

[2]In *Yumul,* Judge Morrow in fact *granted* defendant's motion to dismiss on the ground that plaintiff's pleadings were deficient under Rule 9(b).  Slip op. at 8-9.

## C.   The Challenged Statements as to "The Authentic Tradition" and "All Natural" are Non-Actionable Puffery.

### 1.   Gruma's Trademark "The Authentic Tradition<sup>TM</sup>," Has No Likelihood to Mislead Reasonable Consumers.

Plaintiffs continue to dissemble in referring to one of Gruma's products as "Guacamole" rather than its true name, "Guacamole Flavored Dip."  Opp. at 13. Plaintiffs cite no authority supporting the continuation of their claim against a flavored dip product based on (a) "The Authentic Tradition" phrase in tiny print in the Mission logo on the top of the label, (b) a "TM" symbol next to the phrase, and (c) calling the product "Flavored Dip."  This logo is part of the overall design of the label that appears on all products under the MISSION brand.  FAC at ¶¶ 70, 77.  The label as a whole should be considered by the Court, where the ingredients are clearly stated and the trademark phrase is not juxtaposed to the product description.  There is no reason to check common sense at the door in deciding whether the claim should be dismissed. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (where explanatory or qualifying language accompanies the alleged misrepresentations, no reasonable consumer would be deceived). [3]

### 2.   "All Natural" Is Not Misleading.

Plaintiffs point to no authority, in any jurisdiction, that holds that the phrase "All Natural" is somehow misleading because a product that contains pinto beans, bell peppers, crushed tomatoes, onions, garlic, oil, etc., also contains minute amounts of partially hydrogenated vegetable oil.  In support of Plaintiffs' argument that "All Natural" is actionable, Plaintiffs cite to four cases, all of which are inapposite:

- In *Wright v. General Mills, Inc.,* 2009 U.S. Dist LEXIS 90576, *16-18 (S.D. Cal. 2009) the court *granted defendant's* motion to dismiss for

---

[3] The only reported case Plaintiffs cite for the proposition that "Plaintiff should be permitted to demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers" is *Heighley v. J.C. Penney Life Ins. Co.,* 257 F. Supp. 2d 1241, 1260 (C.D. Cal. 2003).  In *Heighley* the court granted summary judgment.  The opinion is silent on when a claim can be dismissed under Rule 12.

plaintiff's failure to meet the pleading standard.  If anything, *Wright* supports Gruma's case.

- *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028, 1029-30 (N.D. Cal. 2009) is merely a preemption case and does not address Plaintiff's substantive contention about the phrase "All Natural."

- *Von Koenig v. Snapple Beverage Corp.*, 2010 U.S. Dist LEXIS 55987 (E.D. Cal 2010) and *Hitt v. Arizona Beverage Co., LLC,* 2009 U.S. Dist. LEXIS 16871 (2009) both deal exclusively with products containing substantial amounts of high fructose corn syrup ("HFCS").   In the present case, Plaintiffs are complaining of minuscule amounts of *trans* fat which the FDA has declared to be equivalent to zero because they cannot be measured accurately.

Here, the phrase "All Natural," read in context, is not likely to mislead consumers.

**D.   The Statements "Guacamole" and "With Garden Vegetables" Truthfully Describe Product Content and Therefore and not Actionable.**

      1.   Gruma's Labels Are True and a Reasonable Consumer Would Know That.

In attacking Gruma's use of "With Garden Vegetables" and "Guacamole," Plaintiffs appear to concede that the phrases are "in some sense, literally true."  Opp. at 16.  Gruma's guacamole dip product does indeed contain vegetables and is guacamole flavored.  Plaintiffs cannot ascribe any other reasonable meaning to the phrases.  In fact, they don't even try.

Plaintiffs misinterpret the Ninth Circuit's decision in *Williams* and the facts of this case.  In *Williams,* the baby food label in question had a number of statements that *conflicted with* the ingredients listing.  *Williams v. Gerber Products Co.*, 552 F.3d 934, 936 (9th Cir. 2008).  It was for that reason that the court rejected the defendant's attempt to undo possible liability by pointing to the ingredients list.  *Id.* at 939.  Unlike the

defendant in *Williams*, Gruma does not make misrepresentations on the one hand, and then try to escape them by pointing to the nutrition information on the other hand. Instead, Gruma states that the dip contains vegetables and is guacamole flavored, and in the nutrition information, simply *explains* in further detail what those vegetables and guacamole taste are.  Exactly as *Williams* contemplates and endorses, "the ingredients list contains more detailed information about the product that confirms other representations on the packaging."  *Id.* at 939-40.

### E.     Plaintiffs Admit They Failed to Provide the Required Pre-Suit Notice.

Plaintiffs finally admit in their opposition to Gruma's Motion to Dismiss that a CLRA demand letter was not sent prior to filing the original complaint.  Opp. at 17:11-12 ("counsel had inadvertently neglected to send [the CLRA demand letter] as the original Complaint stated.").  This admission is relevant for two reasons:  first, Plaintiffs cannot argue that the CLRA requirement has been met if the original complaint contained a request for damages; and second, Plaintiffs anticipated a demand letter was necessary prior to filing the original complaint, but failed to do so.

Plaintiffs did seek damages in the original complaint (as in the FAC), by asking for general relief unlimited to any cause of action for disgorgement, costs, expenses, and attorneys' fees, and also specifically requesting CLRA damages in the form of restoration "of all funds acquired" and interest.  (Compl. at pp. 24-25; FAC at pp. 29-30.).  Plaintiffs cite *In re Mattel*, 588 F. Supp. 2d 1111 (C.D. Cal. 2008), and *Utilities Consumers' Action Network v. Sprint Solutions, Inc.*, No. 07-CV-2231, 2008 WL 3842914 (S.D. Cal. Aug. 15, 2008), for the statement that these do not qualify as damages under the CLRA.  These decisions conflict with those cited by Gruma – *Shein v. Canon USA, Inc.* (a Central District of California opinion) and *Laster v. T-Mobile USA, Inc.*  Gruma respectfully requests that this Court follow the latter opinions, especially in light of Plaintiff's admission that pre-suit notice was required.

**F.    Plaintiffs May Not Extraterritorially Expand California's UCL, FAL and CLRA Claims to Non-California Residents Who Were Allegedly Harmed in States Other Than California, and the Court Need Not Wait to Partially Dismiss the Class.**

Gruma argues in its motion to dismiss, based on clear California and Federal authority, that Plaintiffs may not assert a nationwide class predicated on California law. Plaintiffs fail to address this glaring problem.  Rather, Plaintiffs' "opposition" is essentially a request for the court to 'wait until later.'

Plaintiffs ignore Gruma's multiple citations to decisions that dismiss all or part of a class *at the Rule 12 stage* under *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) and *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 217 (1999).  *See e.g., Meridian Project Systems, Inc. v. Hardin Construction Co., LLC*, 404 F. Supp. 2d 1214, 1225-26 (2005); *Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005).  Plaintiffs cite to a single, unreported case which does not address a Rule 12 dismissal.  *Keilholtz v. Lennox Hearth Prods.,* 2010 U.S. Dist. LEXIS 14553 (N.D. Cal. Feb. 16, 2010).  *Keilholtz* is a Rule 23 class certification decision (*Id.* at *4), and merely stands for the uncontroversial proposition that courts will address Rule 23 requirements for class certification, as well as constitutional limits on due process, upon a motion for class certification.  *Id.* at *21-22 (analyzing due process limits under the "predominance of legal issues prong"). *Keilholtz* does not in any way establish that courts cannot, or should not, address constitutional limits on a Rule 12 motion.

Plaintiffs argue alternatively that their complaint is sufficient to establish that class members in the 49 other states have an interest in California law.  Plaintiffs merely point to two conclusory paragraphs in the FAC related to *Gruma's* alleged connection to California, and not the alleged connection of the class members.  FAC ¶¶ 3, 15. Plaintiffs rely on *Keilholtz*'s decision under *Rule 23* to allow a nationwide class where 82% of the products were manufactured in California.  Yet, as Plaintiffs have recently emphasized to the Court, less than one-third of the purported class is likely from

California, Gruma is a Texas corporation, and less than one quarter of Gruma's manufacturing plants are in California.  Plaintiffs' Memorandum in Response to Court's Order to Show Cause, Docket No. 34 at 2-3.  Thus, Plaintiffs' California state law claims largely would not apply to consumers outside California, and accordingly should be dismissed.  *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985) ("*Shutts*"); *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 217 (1999).

### G.     Plaintiffs Have No Standing.

#### 1.     Standing to Seek Damages Does Not Establish Standing to Seek Injunctive Relief.

Plaintiffs argue that showing standing to seek damages under Article III is sufficient to seek injunctive relief.  That is not the case – the Ninth Circuit has held that to have standing to seek injunctive relief, a plaintiff must have "a realistic threat of future injury."  *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1040-41 (9th Cir. 1999).

The cases cited by Plaintiffs support this requirement.  In *Parr v. L&L Drive-Inn Restaurant*, the court found that a plaintiff had standing to seek injunctive relief under the ADA where the plaintiff specifically alleged that he would like to eat at the restaurant if it were modified to accommodate him.  96 F. Supp. 2d 1065, 1080-81 (D. Haw. 2000).  *Parr* also stated that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects."  *Id.*  (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  The case of *Fortune v. American Multi-Cinema, Inc.* included similar allegations that the disabled plaintiff was continuing to visit the defendant's premises and continued to be harmed when he and his wife were unable to sit next to each other.  364 F.3d 1075, 1081-82 (9th Cir. 2004).

The allegations of the Plaintiffs are in sharp contrast to these cases finding standing for injunctive relief.  Here, Plaintiffs do not allege that they will continue to purchase Gruma's products or that they would like to continue purchasing Gruma's products if the labels are changed in accordance with Plaintiffs' allegations.  Rather,

Plaintiffs suggest that they now believe Gruma's products are harmful to their health and unfit for consumption, meaning they will never buy those products again.

Plaintiffs' policy concerns are also unwarranted. Plaintiffs complain about the label of a product they no longer wish to eat. A plaintiff who does not wish to continue purchasing a product might have a cause of action for damages for past purchases; he simply does not have standing to seek injunctive relief. And injunctive relief may still be sought by others who meet standing requirements. Therefore, these Plaintiffs have no standing for injunctive relief.

2.      <u>Plaintiffs Have No Standing Because There Are No Plausible Allegations of Actual Reliance.</u>

Plaintiffs concede, as they must, that they are bound by the material admissions of their original Complaint. Rather than addressing these admissions, Plaintiffs focus on the completely new allegations of the FAC, which contradict the material representations of their original Complaint. Whether Plaintiffs' FAC now pleads reliance is of no moment. Plaintiffs' problem is that their initial complaint affirmatively conceded they were unaware of the supposed effects of trans fats until long after the time they claim to have purchased the products – an admission that is fatal to their purported reliance at the time of purchase.

Plaintiffs argue that a "fair reading of the original Complaint shows Plaintiffs were generally aware they should avoid trans fats." Opp. at 21-22. Of course, Plaintiffs fail to point to any specific place in their complaint where they purportedly allege this so-called "general awareness." Rather, Plaintiffs rely on Rule 8(e) urging that the Court construe their complaint "to do justice." There is nothing in Rule 8(e), however, that allows the plaintiffs to read into their Original Complaint facts that are simply not there. *See* Fed. R. Civ. P. 8(e), 1937 Annotation, Note to Subdivision (e) (Rule 8(e) merely did away with having to comply with technical form pleadings).

Even so, a "fair" reading does not show that Plaintiffs relied on any statements about trans fat. To the contrary, the plain meaning – the only meaning – of the original

Complaint is that Plaintiffs did not know that trans fats were "bad" until long after they purchased the Gruma products.  Although Plaintiffs claim that three paragraphs 19, 20, and 89 of the original Complaint show that they generally knew trans fats were dangerous before buying the Products, these paragraphs establish the exact opposite:

- Compl. ¶ 19 states that Plaintiffs learned both that the Products contained trans fat and that "trans fat is extremely dangerous" in January 2010.  Note that Plaintiffs FAC revised this paragraph to explain that Plaintiffs learned of this fact because of a meeting with their counsel, Gregory Weston.  FAC at ¶ 106.

- Compl. ¶ 20 states that Plaintiffs "could not have discovered" the alleged misrepresentations because "the dangers of artificial *trans* fats . . . were known to Gruma, but not to Plaintiffs throughout the Class Period." (emphasis added).  Plaintiffs make no distinction between 'general' and 'extreme' danger; Plaintiffs did not know of *any* dangers until they met with their counsel.

- Compl. ¶ 89 states that "Plaintiffs did not discover that Gruma's labeling of the Mission Trans Fat Products was false, deceptive, or misleading until late January 2010, when they learned that foods containing trans fat – such as the Mission Trans Fat Products – are harmful to human health because of their role in causing coronary heart disease, type-2 diabetes, and cancer. Until this time, Plaintiffs lacked knowledge regarding the facts of their claims against Gruma." (emphasis added).  Here, Plaintiffs affirmatively established that they did not know that foods that contains trans fats – generally – were harmful.

Defendant's Reply in Support of Motion to Dismiss First Amended Complaint
CV10-4173 AHM (AJWx)

1   Justice, as Plaintiffs put it, requires that Plaintiffs not be allowed to contradict

2   their material, factual admissions that they did not, and could not, rely on any of the

3   alleged representations.[4]

4           3.    <u>Any Injury Plaintiffs May Have Suffered Is *De Minimis*.</u>

5   Although Plaintiffs dispute that application of the *de minimis* doctrine to this case,

6   they do not dispute the existence of the doctrine and cite to no cases showing that their

7   claims exceed any *de minimis* standard.  Plaintiffs also do not dispute Gruma's recitation

8   of the contents of the ingredient list and the nutritional table on the product labels.

9   Plaintiffs' claims center on the minuscule amounts of *trans* fat and cholesterol which the

10  FDA has ruled to be equivalent to zero.  This type of claim about the need for redundant

11  verbiage and unrounded minuscule numbers on product labels should be found *de*

12  *minimis* and legally insufficient to support standing.

13  **H.    Plaintiffs Improperly Seek Disgorgement Beyond Restitution.**

14  Plaintiffs are correct that they may seek "restitutionary disgorgement" as part of

15  their FAL and UCL claims.  But Plaintiffs seek much more than restitution.  The FAC

16  seeks general disgorgement of "funds by which Gruma was unjustly enriched" which

17  goes far beyond the narrow restitutionary disgorgement allowed in *Korea Supply Co.v.*

18  *Lockheed Martin Corp.*:  "profits unfairly obtained to the extent that these profits

19  represent monies given to the defendant or benefits in which the plaintiff has an

20  ownership interest."  63 P.3d 937, 947, 131 Cal. Rptr. 2d 29, 41 (Cal. 2003).  And the

21  proper extent of any disgorgement claims is simply duplicative of Plaintiffs' claims for

22  restitution.  Therefore, the Court should dismiss Plaintiffs' claims for disgorgement

23  damages.

24

25

26

27      [4] Plaintiffs do not even try to argue that they relied on the truthful assertion that
    one of the dips was made "With Garden Vegetables" or that the other dip is truthfully a
28  "Guacamole Flavored Dip" rather than guacamole.  Mot. at 23.

## III.    **CONCLUSION**

Based on the foregoing, Gruma respectfully requests that Plaintiffs' FAC be dismissed with prejudice.

Dated:  August 30, 2010            AKIN GUMP STRAUSS HAUER & FELD LLP
                                    R.D. Kirwan
                                    David C. Allen
                                    Kalia C. Petmecky


                                    By_____/s/R.D. Kirwan_____
                                                R.D. Kirwan
                                         Attorneys for Defendant
                                         GRUMA CORPORATION

Defendant's Reply in Support of Motion to Dismiss First Amended Complaint
CV10-4173 AHM (AJWx)