O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | | Date | April 11, 2011 |
|---|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    Plaintiffs Mary Henderson and Eileen Joy Peviani ("Plaintiffs") are residents of California and regular purchasers of Mission Guacamole and Mission Spicy Bean Dip products. Defendant Gruma Corporation[1], a Nevada corporation with its principal place of business in Texas, manufactures tortillas and related products under the Mission brand. Plaintiffs filed this putative class action in federal court against Defendant under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq., and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.

    In their First Amended Complaint ("FAC"), filed on August 26, 2010, Plaintiffs allege five causes of action for violations of: (1) the UCL's "unlawful" prong (the UCL prohibits any "unlawful, unfair, or fraudulent business practice"); (2) the UCL's unfair and fraudulent prongs; (3) the FAL;(4) the CLRA (seeking injunctive relief and restitution); and (5) the CLRA (seeking actual and punitive damages). *See* FAC.

    Plaintiffs allege the following terms constitute false and misleading statements in

---

    [1]Plaintiffs have dismissed Defendant Gruma S.A.B. de C.V., Gruma's parent corporation located in Mexico, by a Notice of Dismissal filed on August 26, 2010. Dkt. 43.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

Defendant's advertising: (1)"0 g transfat" (describing the Guacamole[2] and Bean Dip); (2)"With Garden Vegetables" (describing the Guacamole); (3) "'Guacamole' made in 'The Authentic Tradition'"; (4) "0 g cholesterol" (describing the Bean Dip); (5)"All Natural" (describing the bean dip). FAC ¶¶ 70-72, 77-80. These are the only falsehoods alleged by Plaintiffs in the FAC. *See* Opp., at 2.

Defendant has brought: (1) a Motion to Dismiss Plaintiffs' FAC[3] or, in the alternative (2) a Motion to Strike[4] portions of Plaintiffs' FAC or for more definitive statements. For the reasons described below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss, and GRANTS IN PART, and DENIES IN PART Defendant's Motion to Strike.

**I.     BACKGROUND**

The following factual allegations are taken from Plaintiffs' FAC, unless otherwise stated, and are accepted as true for purposes of this motion. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) .

Class Representatives and Plaintiffs Henderson and Peviani are residents of California who purchased Mission Guacamole product and Mission Spicy Bean Dip product in various grocery stores throughout the state. FAC ¶¶ 15-20. Plaintiffs contend these Mission products contain "substantial and dangerous levels of artificial transfat," a substance linked to cardiovascular disease, diabetes, and cancer. FAC ¶¶ 30-65; 67. They claim they were misled by the "misrepresentations, material omissions, and deceptive acts" of Gruma Corporation's product labeling, and in reliance on these

---

[2]For reasons of brevity, the Court refers to the product as "Guacamole," while recognizing the parties disagree as to the title of the product. Plaintiffs maintain the product is "Guacamole," while Defendants maintain the product is "Guacamole Flavored Dip." The Court's use of the name does not indicate a factual finding as to the actual name of this product.

[3]Docket No. 23.

[4]Docket No. 25.

Case 2:10-cv-04173-AHM-AJW Document 80 Filed 04/11/11 Page 3 of 20 Page ID #:1296

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

misrepresentations, purchased the Mission products. FAC at 16 & ¶¶ 81-94. Plaintiffs seek injunctive relief, disgorgement, restitution, actual and punitive damages, and attorneys' fees and costs. FAC, Prayer for Relief, at 29-30.

## II.    LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).

The plausibility standard articulated in *Twombly* and *Iqbal*, requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

To determine whether a complaint states a claim sufficient to withstand dismissal,

CV-90 (06/04)                    **CIVIL MINUTES - GENERAL**                    Page 3 of 20

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1950.

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III. DISCUSSION

### A. Standing Under the UCL, FAL, and CLRA

#### 1. UCL and FAL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's FAL also prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. "Any violation of the false advertising law" necessarily violates the UCL. *Williams v. Gerber Products Company*, 552 F.3d 934 (9th Cir. 2008).

A private action for relief under the UCL and FAL may be maintained only if the person bringing the action "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. In 2004, the UCL standing requirements were amended by Proposition 64. "[W]here once private suits could be brought by 'any person acting for the interests of itself, its members or the general public,' now private standing is limited to any 'person who has suffered injury in fact and has lost money or property' as a result of unfair competition." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (Cal. 2011) (internal citations omitted).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

"To satisfy the narrower standing requirements imposed by Proposition 64, a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Id.* at 322. The first is an injury-in-fact requirement, and the second is a causation requirement. *In re Tobacco II Cases,* 46 Cal. 4th 298, 315 (2009) ("[T]he simple language of Proposition 64 required each class member to show injury in fact and causation.") (internal quotations and citations omitted). These standing requirements apply equally to the UCL and FAL. *See Kwikset*, 51 Cal. 4th at 321-22 ("[U]nder the UCL, standing extends to 'a person who has suffered injury in fact and has lost money or property as a result of the unfair competition' (§ 17204), while under the false advertising law, in materially identical language, standing extends to 'any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter' (§ 17535)."). "Injury in fact" is "one of the three 'irreducible minimum' requirements for federal standing under Article III" and the "text of proposition 64 establishes expressly that in selecting this phrase the drafters and voters intended to incorporate the established federal meaning." *Kwikset*, supra, at 322.

Here, Plaintiffs have satisfied the requirements for standing under the UCL and FAL.

        a.    <u>Injury-in-fact</u>

"[P]laintiffs who can truthfully allege they were deceived by a product's label into spending money to purchase the product, and would not have purchased it otherwise, have 'lost money or property' within the meaning of Proposition 64 and have standing to sue." *See Kwikset*, 51 Cal. 4th at 317.

The injury in fact requirement of UCL and FAL standing overlaps with Article III standing requirements. As the California Supreme Court noted in *Kwikset*:

> If a party has alleged or proven a personal, individualized loss of money or property in any nontrivial amount, he or she has also alleged or proven injury in fact. Because the lost money or property requirement is more difficult to satisfy than that of injury in fact, for courts to first consider

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

whether lost money or property has been sufficiently alleged or proven will often make sense. If it has not been, standing is absent and the inquiry is complete. If it has been, the same allegations or proof that suffice to establish economic injury will generally show injury in fact as well ( ibid.), and thus it will again often be the case that no further inquiry is needed.

*Id.* at 325.

Here, Plaintiffs have met the injury-in-fact requirement for standing under Proposition 64 and therefore, in addition, under that prong of Article III standing. They alleged that they paid more for Mission Guacamole and Mission Bean Dip, and would have paid less for the products, if they had not been misled by the allegedly false and misleading labeling. FAC ¶¶ 10, 86-87. Plaintiffs allege they would not have purchased the two products at the price they paid absent the advertisements with the alleged misstatements. FAC ¶ 87. Plaintiffs also allege that instead of receiving products that were free of artificial trans fat, or receiving authentic guacamole, they purchased artificial substances containing artificial trans fats that could "raise[] their cholesterol and damage[] the cells in their heart and arteries." FAC ¶ 91. *See also* FAC ¶¶ 89-90, 92. "Plaintiffs lost money as a result of Gruma's deception in that Plaintiffs did not receive what they had paid for." FAC ¶ 93.

While the California Supreme Court in *Kwikset* did not define what constitutes "individualized loss of money or property in any *nontrivial* amount," *Kwikset*, 51 Cal. 4th at 325 (emphasis added), in that case it found allegations similar to Plaintiffs' allegations were sufficient to support standing under the UCL. *See Kwikset*, 51 Cal. 4th at 327 ("According to the second amended complaint, (1) Kwikset labeled certain locksets with 'Made in U.S.A.' or a similar designation, (2) these representations were false, (3) plaintiffs saw and relied on the labels for their truth in purchasing Kwikset's locksets, and (4) plaintiffs would not have bought the locksets otherwise. On their face, these allegations satisfy all parts of the section 17204 standing requirement . . . ."). *See also Von Koenig v. Snapple Beverage Corp.*, 713 F.Supp. 2d 1066, 1079 (E.D. Cal. 2010) (Damrell, J.) ("[T]he difference in price between the product received and its value" is sufficient, for pleading purposes, to allege "lost money or property"). Moreover, a finding by this Court that Plaintiffs' injury is "nontrivial" would prohibit many, if not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

most product-based class actions, and would therefore thwart the purposes of California's consumer protection statutes — to "protect[] the general public against unscrupulous business practices." *In re Tobacco II Cases*, 46 Cal. 4th at 312.

Defendant argues that the alleged injury suffered by the Plaintiffs is "*de minimis* and therefore cannot support standing." Mot., at 24. Defendant cites to *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839-40 (9th Cir. 2007), claiming that this case stands for the proposition that "some allegations are 'too trifling of an injury to support constitutional standing.'" However, *Skaff* does not involve a UCL or FAL claim, but rather claims under the Americans with Disabilities Act and under California civil rights laws. *Id*. at 835. In *Skaff*, a hotel initially failed to accommodate plaintiff's disability by providing him a room with a bathtub (rather than a roll-in shower), and by failing to provide him with a shower chair, but later reassigned plaintiff to a room with a roll-in shower and gave plaintiff a chair to use in the shower by the next morning. *Id*. at 839. The Court held that "Skaff suffered no cognizable injury concerning the shower because [the hotel] Le Meridien promptly corrected its errors." *Id*. The Court partially reversed the district court's finding of a lack of standing, and remanded the case with instructions that the court consider the merits of plaintiff's fees motion. *Id*. at 835.

Here, however, not only has there been no attempt to correct the alleged errors — the misleading statements in Gruma's labels — but courts have found injuries similar to those alleged here sufficient for the injury-in-fact requirement of the UCL and FAL. *See, e.g., Von Koenig*, 713 F. Supp. 2d at 1078-79 (finding "plaintiffs ha[d] sufficiently alleged that, due to defendant's labeling practices, they suffered a loss that benefitted defendants through more sales and higher profits" where plaintiffs alleged the product they received was worth less than they paid for it, the product contained high fructose corn syrup and was therefore unsatisfactory, and the defendant benefitted from plaintiffs' purchases by selling more drink products at a higher price).

The Court, therefore, finds Plaintiffs have met the injury-in-fact requirement for standing under the UCL and FAL, and under Article III. The Court discusses the remaining Article III standing requirements in Section B, *infra*.

    b.  <u>Causation</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

In *Tobacco II Cases*, 46 Cal. 4th 298 at 328, the California Supreme Court defined the causation requirement for UCL and FAL standing as requiring the plaintiff to demonstrate actual reliance. "[O]*nly* the named Plaintiff in a class action suit must show *actual reliance* on deceptive advertising." *Id.* at 306. "Actual reliance" is evaluated "in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions," but where the "plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." *Id.* at 306, 328. In addition, an inference of reliance arises when there is a showing that a reasonable person would attach importance to a misrepresentation's existence or nonexistence in determining his choice of action. *Id.* at 327.

The Court finds Plaintiffs have sufficiently alleged actual reliance for UCL and FAL standing purposes. Plaintiffs alleged they read and relied on, for each purchase made during the class period, Gruma's alleged misleading labels, including the statements "0 g transfat," "0 g cholesterol," "With Garden Vegetables," "All Natural," "Guacamole," and "Made in the Authentic Tradition." FAC ¶¶ 82-83. Plaintiffs also allege they "purchased the Mission Trans Fat Products believing they had the qualities Plaintiffs sought based on their deceptive labeling, but the products were actually unsatisfactory to the Plaintiffs for the reasons described herein." FAC ¶ 84. Plaintiffs allege they "paid more for Mission Trans Fat products" and "purchased Gruma's Mission Trans Fat Products instead of other brands based on the false statements and misrepresentations described herein." FAC ¶¶ 86, 88.

Defendant's argument that Plaintiffs lack standing relies entirely on a contrast between Plaintiffs' original complaint, filed on June 4, 2010, and the First Amended Complaint, filed on July 29, 2010. Defendant contends Plaintiffs have failed to demonstrate actual reliance because statements Plaintiffs made in the original complaint constitute contradictory "judicial admissions . . . that they did not rely on Gruma labels." Mot. at 22. Defendant is incorrect. "The amended pleading supersedes the original complaint and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading." WILLIAM SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 8:1550 (2010). While prior pleadings may be admissible *in evidence* against the pleader, *see id.* at § 8:1553 (emphasis added), the Court is bound to accept as true allegations in the Plaintiffs' pending pleadings, *id.* at § 9:6, and is unable

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

to consider extrinsic evidence. *Id*. at § 9:233. To consider the prior pleading as evidence, the Court would be considering a matter outside the pleadings, and the motion must be treated then as one for summary judgment under Rule 56. *Id*. Such consideration of prior pleadings here as evidence is therefore inappropriate in a motion to dismiss.

The Court therefore finds that Plaintiffs have standing to pursue their claims under the FAL and UCL.

    **2.    CLRA**

The CLRA requires a demonstration of actual reliance for standing purposes. *See* Cal. Civil Code § 1780(a) (CLRA). *See also Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 810 (Cal. App. 2007), *disapproved of on other grounds by Kwikset*, 51 Cal. 4th 310 ("[P]laintiffs asserting CLRA claims sounding in fraud must establish that they actually relied on the relevant representations or omissions.").[5]

Defendant claims that Plaintiffs have not fulfilled the actual reliance requirement of the CLRA. Mot., at 22. However, as discussed in the above section, Plaintiffs' allegations sufficiently establish actual reliance. The Court therefore finds that Plaintiffs have met the standing requirements of the CLRA.

    **B.    Article III Standing**

Article III requires that "federal courts take jurisdiction only over 'definite and concrete, not hypothetical or abstract' cases and controversies." *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002) (quoting *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)). "Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To demonstrate standing, Plaintiffs must establish that: (1) they have suffered an "injury in

---

[5]The court in *Kwikset* disapproved of the *Buckland* court's holding that ineligibility for restitution is a basis for denying standing under the UCL. *See Kwikset*, 51 Cal. 4th at 337 ("Accordingly, we hold ineligibility for restitution is not a basis for denying standing under section 17204 and disapprove those cases that have concluded otherwise.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

fact," (2) there is a "causal connection between the injury and the conduct complained of," and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (1992).

As noted above under the UCL and FAL analysis, the Court has found that Plaintiffs have met the injury-in-fact requirement for Article III standing. The Court above has also found that by alleging actual reliance, the Plaintiffs have met the causation requirement for Article III standing as well, that there is "a causal connection between the injury and the conduct complained of." *See Lujan*, 504 U.S. at 561.

Defendant claims Plaintiffs do not have standing to seek injunctive relief because there is no threat of future injury, as "Plaintiffs are now aware of the FDA requirements for label disclosures and the ingredients in Gruma's products and allege they will not purchase the products at issue in the future." Mot., at 19. This is essentially a redressability argument. *See Cattie v. Wal-Mart, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) (Burns, J.) ("Even if [Plaintiff] was [injured], however, it is unclear how prospective relief will redress her injury, since she is now fully aware of the linens' thread count.").[6] The Court finds Defendant's argument unpersuasive.

First, Plaintiffs have sufficiently demonstrated actual injury, as discussed above. If the Court were to construe Article III standing for FAL and UCL claims as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws because a plaintiff who had been injured would always be deemed to avoid the cause of the injury thereafter ("once bitten, twice shy") and would never have Article III standing. *See, e.g., Fortyune v. American Multi-Cinema, Inc.*, No. CV 10-5551, 2002 WL 32985838, *7 (C.D. Cal. Oct. 22, 2002) (Manella, J.) ("If this Court rules otherwise [and does not find standing], like defendants would always be able to avoid enforcement of the ADA. This court is reluctant to

---

[6]In *Cattie*, the court *sua sponte* raised the issue of plaintiff's standing to pursue injunctive relief, but did not dismiss plaintiff's claims on that basis. 504 F. Supp 2d at 951. Instead, the court merely ordered plaintiff to show cause as to why her claims should not be dismissed. *Id*. at 952. Thereafter, the parties submitted a stipulation for dismissal with prejudice, and the court granted the stipulation with an order of dismissal. CV 06-0897, Dkt. 36, 37.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.") (citing *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1080 (D. Hawai'i 2000) (Yamashita, M.J.)).

While Plaintiffs may not purchase the same Gruma products as they purchased during the class period, because they are now aware of the true content of the products, to prevent them from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws. That objective is "to protect both consumers *and competitors* by promoting fair competition in commercial markets for goods and services." *See Kwikset*, 51 Cal. 4th at 344 (emphasis in the original). Defendant has not presented evidence or even alleged that it has removed its allegedly misleading advertising from its products. With such advertising remaining on supermarket shelves, Plaintiffs, as representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect consumers from Defendant's alleged false advertising.

For the foregoing reasons, the Court finds Plaintiffs have met the requirements for Article III standing, and may seek injunctive relief in this action.

### C. Disgorgement as an Available Remedy Under the FAL

Plaintiffs seek restitutionary disgorgement, restitution, actual and punitive damages, and injunctive relief. Defendant challenges the availability of injunctive relief (addressed above in the section on Article III standing) and the availability of disgorgement.

In their FAL claim, Plaintiffs seek disgorgement via "[a]n order requiring Gruma to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice." FAC ¶ 128 & Prayer for Relief. "The restitutionary remedies of section 17203 [UCL] and 17535 [FAL], on which section 17203 is patterned, are identical and are construed in the same manner." *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal. 4th 163, 177 n.10 (2000).

"Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

the plaintiff has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003). "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Id.* at 1149. *See also* Cal. Bus. & Prof. Code § 17203. "While restitution [i]s an available remedy under the UCL, disgorgement of money obtained through an unfair business practice is an available remedy in a representative action only to the extent that it constitutes restitution." *Korea Supply*, 29 Cal. 4th at 1145 (citing *Kraus v. Trinity Mgmt. Servs.*, 23 Cal. 4th 116, 137-38 (2000)). "[N]onrestitutionary disgorgement is not an available remedy in an individual action under the UCL." *Id.* at 1148-49. Plaintiff has not disputed this. Opp., at 25.

In *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 462 (Cal. App. 2005), the court defined restitutionary disgorgement as "money taken from the victims" and nonrestitutionary disgorgement as "money obtained from third parties." There, Plaintiff was attempting to "pursue a class action lawsuit on behalf of California electricity customers, against parties involved in restructuring California's electricity market," *id*. at 445, and "plaintiff admitted in the trial court that he does not seek a refund for the money he spent on his electricity." *Id*. at 455 (internal quotations omitted). The court in *Madrid* held that what the plaintiff was attempting to recover was not restitution — the return of property or funds in which the plaintiff has an ownership interest (or is claiming through someone with an ownership interest) — but rather nonrestitutionary disgorgement of wrongfully obtained profits, a remedy that was not available to plaintiff. *Id.*

Plaintiffs are seeking to recover money they spent on purchasing the products, but their request for restitution is broader and encompasses "*all* monies, revenues, and profits obtained by means of any wrongful act or practice," FAC ¶ 128 & Prayer for Relief (emphasis added), not simply those obtained from Plaintiffs or putative class members. Plaintiffs' prayer for damages is nonrestitutionary disgorgement, and as such, is not permissible under the FAL. Accordingly, the Court STRIKES Plaintiffs' prayer for disgorgement under the FAL.

### D. CLRA Notice Requirements

Defendant moves to dismiss the FAC's fifth cause of action brought under the CLRA for damages. California Civil Code section 1782(a) requires that "[t]hirty days or

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

more prior to the commencement of an action for damages pursuant to [the CLRA], the consumer shall . . . : 1) [n]otify the person alleged to have employed or committed methods, acts, or practices declared unlawful . . . of the particular alleged violations[; and] (2) [d]emand that the person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation."

The notice must be in writing and sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business in California. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303 (S.D. Cal. 2003). "The purpose of the notice requirement of section 1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements." *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40 (1975). "A consumer may not bring a damages suit under the CLRA without first giving the alleged violator at least thirty days' notice to cure the alleged violations, but a suit for injunctive relief may be brought without providing such notice." *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 1001 (N.D. Cal. 2007) (Henderson, J.).

Defendant contends that Plaintiffs cannot recover actual and punitive damages under the CLRA because they failed to serve a pre-suit demand letter upon the Defendant. Defendant argues that Plaintiffs did not provide it with notice until June 25, 2010, three weeks after they filed their initial complaint.

Plaintiffs argue that they complied with the notice provisions of § 1782(a) by, in addition to the notice provided by the initial complaint, sending a CLRA letter to Defendant's counsel. Opp., at 10. Plaintiffs contend that because the initial complaint did not seek damages, and because Plaintiffs waited more than 30 days to amend the complaint to seek damages after sending the CLRA notice letter, Plaintiffs did not violate the CLRA notice provision. Opp., at 16.

In the original complaint filed on June 4, 2010, Plaintiffs sought a "restor[ation] [of] all funds acquired by means of any act or practice declared by this Court to be . . . a violation of the CLRA, plus pre- and post-judgment interest thereon." Compl. at pp. 24-25. Plaintiffs also sought "an order requiring Gruma to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice." *Id*. at pp. 24. Specifically under the CLRA cause of action, Plaintiffs sought "injunctive relief and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

restitution." Compl. ¶ 111.

In their FAC, Plaintiffs seek actual and punitive damages from their CLRA claim. FAC ¶ 141. Plaintiffs' FAC was filed on August 26, 2010. In the FAC, Plaintiffs allege that they sent a certified letter via registered mail, return receipt requested, on June 25, 2010, 31 days before the filing the FAC. FAC ¶ 137. *Cf. Shein v. Canon U.S.A., Inc.*, No. CV 08-7323, 2009 WL 1774287, at *6-*7 (C.D. Cal. 2009) (Snyder, J.) (dismissing CLRA cause of action for untimely notice where "Plaintiffs filed a second amended complaint ("SAC") on April 28, 2009, less than thirty days following the date of the April 17, 2009 letter" and where "Plaintiffs do not appear to dispute that proper notice was not given prior to April 17, 2009.").

Plaintiffs in their first complaint, sought "restitution and disgorgement," which are not considered damages for purposes of the CLRA. *In Re Mattel, Inc.*, 588 F. Supp 2d 1111, 1119 (C.D. Cal. 2008) (Fischer, J.) ("The Court does not agree that the first amended consolidated class action complaint ('FAC') demands damages under the CLRA. The FAC demands restitution and disgorgement . . . which do not appear to be 'damages' for the purposes of the CLRA."). *See also Utility Consumers' Action Network v. Sprint Solutions, Inc.*, 2008 WL 1946859, *6 (S.D. Cal. April 25, 2008) ("While the claim[s] for damages and restitution are overlapping to some extent, they are identified as separate forms of relief. Cal. Civ. Code § 1780(a). Prefiling notice is not required for a CLRA claim for restitution. Accordingly, the claim for restitution under the CLRA may proceed."). Plaintiffs, therefore, complied with the CLRA notice requirements, as they were not seeking damages under the CLRA in their original complaint. Plaintiffs gave Defendant the requisite 30-day notice of their claim for damages when they mailed the certified letter on June 25, 2010. Defendant's motion to dismiss Plaintiffs' CLRA claims on these grounds is therefore DENIED.

### E. Non-Actionable Puffery and Truthfulness

The Court finds that "Authentic Tradition" is non-actionable puffery, and that "With Garden Vegetables" is a truthful statement and therefore not actionable under California's reasonable consumer standard. The Court finds that "Guacamole" and "All Natural" survive Defendant's Motion to Dismiss.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

### 1. Non-Actionable Puffery

The CLRA, FAL, and UCL utilize a "reasonable consumer standard." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). Thus, statements are only actionable under these statutes if they are likely to deceive a reasonable consumer. *Stickrath*, 527 F. Supp. 2d at 998. Under the reasonable consumer standard, the plaintiff must "show that members of the public are likely to be deceived." *Freeman*, 68 F.3d at 289 (internal quotation marks omitted.) "Advertisements that amount to mere puffery are not actionable because no reasonable consumer relies on puffery." *Stickrath*, 527 F. Supp. 2d at 998. "Factual representations, however, are actionable." *Id.*

#### a. "The Authentic Tradition"

Defendant's labeling statement "The Authentic Tradition" both standing alone, and as it appears in the context of Gruma's logo, *see* FAC at ¶¶ 70, 77, is non-actionable puffery. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) (an advertising claim is mere puffery - as opposed to a verifiable representation of fact - when it is so vague, highly subjective or meaninglessly general as to preclude consumer reliance). *See also Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 391-94 (8th Cir. 2004) (the trademarked phrase "Quality Since 1867" is non-actionable puffery). "The Authentic Tradition" is not a specific and measurable claim, and so is non-actionable under Plaintiff's state law claims. *See Coastal Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). *See also Summit Tech., Inc. v. High-Line Medical Instruments*, Co., 933 F. Supp. 918, 931 (C.D. Cal 1996) (Collins, J.) (a statement "incapable of objective verification" cannot be expected to induce reasonable consumer reliance). The Court therefore STRIKES Plaintiffs' claims for the phrase "The Authentic Tradition."

#### b. "All Natural"

While "[a]dvertising which merely states in general terms that one product is superior is not actionable . . . misdescriptions of specific or absolute characteristics of a product are actionable." *Cook*, 911 F.2d at 246. Courts have found the term "all natural" to be sufficient basis for a cause of action under the UCL. *See Von Koenig*, 713 F. Supp. 2d at 1080 ("[P]laintiffs allege that they were deceived by the labeling of defendant's

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

drink products as "All Natural" because they did not believe that the products would contain HFCS [high fructose corn syrup] . . . . [P]laintiffs have stated a plausible claim that a reasonable consumer would be deceived by defendant's labeling."); *see also Hitt v. Ariz. Beverage Co.*, LLC, No. 08-cv-809, 2009 WL 449190 (S.D. Cal. Feb. 4, 2009) (Hayes, J.) (denying defendant's motion to dismiss the plaintiff's UCL, FAL, and CLRA claims where the plaintiff alleged that a reasonable consumer would find the "All Natural" labeling on the defendant's drink products, which contained high fructose corn syrup, deceptive).

Here, Defendant's products allegedly contain artificial trans fats. Construing the complaint in the light most favorable to the Plaintiffs, as the Court is obligated to do, these products could be found to be "unnatural." *See Williams*, 552 F.3d at 939 ("Further, the statement that Fruit Juice Snacks was made with 'fruit juice and other all natural ingredients' could easily be interpreted by consumers as a claim that all the ingredients in the product were natural, which appears to be false."). The Court therefore DENIES Defendant's motion to dismiss Plaintiffs' claims for the phrase "All Natural."

### 2. Truthful descriptions of products

#### a. "Guacamole"

Defendant argues the term "Guacamole," within the context of the label itself and with the listing of ingredients on the package, cannot be considered misleading under the UCL, FAL, and CLRA, because the ingredients on the nutrition label "combine to produce a basic guacamole *flavor*." Mot. at 13 (emphasis in the original). However, under the *Williams* test, 552 F.3d at 938, the Court finds Gruma's label and use of the term "Guacamole" could deceive a reasonable consumer, and that Plaintiffs have therefore stated a claim under the UCL, FAL, and CLRA.

Defendant contends that use of the word "Guacamole" is true, as it is part of the title "Guacamole Flavored Dip" (FAC ¶ 70), "indicating the product's 'characterizing flavor,' not the presence of actual [avocados or guacamole]." *See McKinnis v. General Mills, Inc.*, No. CV 07-2521, 2007 WL 4762172, *3 (C.D. Cal. Sept.18, 2007) (Fees, J.) ("[T]he words 'Natural Fruit Flavors' indicate the product's 'characterizing flavor,' not the presence of actual fruit.").

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

However, Gruma has labeled its product "GUACAMOLE" in large capital letters, in a font that is approximately twice as large as the smaller "FLAVORED DIP," located below the term "Guacamole." Photograph of Label, FAC at 16, ¶ 70. The label also prominently displays large pictures of avocados on the front of the jar. *Id.* And the dip itself is green-colored, as would be avocados. *Id.* While Defendant's description of its product might very well be true, for a statement to be actionable, there is no requirement that the statement be false. California's consumer protection laws prohibit "advertising which, although true, is either misleading or which has a capacity, likelihood, or tendency to deceive or confuse the public." *Williams*, 552 F.3d at 938 (citation and alteration omitted). Moreover, in *Williams*, consumers were not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list." *Id.* at 939.

While at this stage the Court does not find that the statements at issue are or are not deceptive as a matter of law under the reasonable consumer test, the Court finds that a reasonable consumer could interpret Defendant's statements and label to imply that the product is indeed guacamole, which it is not, as it allegedly contains less than 2% avocado powder. FAC ¶ 72. The Court therefore DENIES Defendant's Motion to Dismiss or Strike the allegations related to the "Guacamole" claims.

### b. "With Garden Vegetables"

The phrase "With Garden Vegetables" is accurate in the context of the label as a whole, and unlikely to deceive a reasonable consumer. The product does in fact contain vegetables that can be grown in a garden. Petmecky Decl. ¶ 2, Exh. 1 (ingredients include avocado powder, dehydrated onion, garlic powder, and bell pepper). Moreover, Plaintiffs do not provide a specific argument as to how this statement is misleading. The labeling statement does not claim a specific *amount* of vegetables in the product, but rather speaks to their presence in the product, which is not misleading. *See McKinniss v. Sunny Delight Beverages Co.*, CV 07-02034, 2007 WL 4766525, *12 (C.D. Cal. Sept. 4, 2007) (Klausner, J.) (dismissing claim that depiction of fruit on drink label misled consumers where label said product contained 2% or less of fruit). Therefore, the Court DISMISSES Plaintiffs' claims associated with the phrase "With Garden Vegetables."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

### F.　Preemption

　　Defendant contends Plaintiffs' UCL, FAL, and CLRA claims regarding Gruma's label of "0 g cholesterol" on its Spicy Bean Dip, and "0 g transfat" on both products, are preempted. Defendant is correct: Plaintiffs' state law claims regarding "0 g cholesterol" and "0 g transfat" are expressly preempted by federal law, the Nutrition Labeling and Education Act of 1990 ("NLEA"), codified as 21 U.S.C. §§ 343, 343-1. The NLEA amended the Federal Food, Drug, and Cosmetic Act to provide the FDA with specific authority to require nutrition labeling of most foods regulated by the agency. *See* History and Statutory Notes, 21 U.S.C. § 343.

　　The NLEA pre-emption clause in 21 U.S.C. § 343-1(a)(5) prohibits any state from "directly or indirectly establish[ing] . . . any requirement . . . made in the label or labeling of food that is *not identical* to the requirement of section 343(r) . . . ." 21 U.S.C. § 343-1(a)(5) (emphasis added). Pursuant to the NLEA, 21 U.S.C. § 343(r), a food label may characterize the levels of certain nutrients, including transfat and cholesterol, "if the characterization made in the claims uses terms which are defined in regulations of the Secretary." 21 U.S.C. § 343(r)(2)(A). FDA Regulation 21 C.F.R. § 101.62 states explicitly:

> (1) The terms "cholesterol free," "free of cholesterol," "zero cholesterol," "without cholesterol," "no cholesterol," "trivial source of cholesterol," "negligible source of cholesterol," or "dietarily insignificant source of cholesterol" may be used on the label or in the labeling of foods, provided that . . . The food contains less than 2 mg of cholesterol per reference amount customarily consumed and per labeling serving.

21 C.F.R. § 101.62(d)(1)(i)(A). In terms of transfats, FDA Regulation 21 C.F.R. 101.9(c)(2)(ii) states: "Trans fat content shall be indented and expressed as grams per serving to the nearest 0.5 (1/2)-gram increment below 5 grams and to the nearest gram increment above 5 grams. If the serving contains less than 0.5 gram, the content, when declared, shall be expressed as zero."

　　Here, Plaintiffs do not dispute that Defendant complied with the FDA regulations.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

Rather, they contend that the statements "0 g transfat" and "0 g cholesterol" are "misleading because they falsely suggest Mission products are healthy." Opp., at 8. However, "[b]ecause Plaintiffs challenge the use of terms that the FDA, through its regulations, has defined and permitted, Plaintiffs' claims fall within the scope of the FDA's pre-emption clause." *Red, et al. v. The Kroger Co.*, No. CV 10-1025, 2010 WL 4262037, *7 (C.D. Cal. Sept. 2, 2010) (Gee, J.) (finding preemption and dismissing complaint where plaintiffs filed a class action complaint alleging violations of California's UCL, FAL, and CLRA, and false advertising under the Lanham Act against Kroger for allegedly false and misleading statements on various products, including the statements "0g Trans Fat per serving" and "a Cholesterol Free Food"). The Court therefore finds that Plaintiffs' state law claims regarding "0 g transfat" and "0 g cholesterol" are expressly pre-empted by the NLEA, and therefore DISMISSES those claims WITH PREJUDICE.

### G. Application of State Law to Non-Resident Class Members

Defendant contends that state law should not apply to non-resident class members as to Plaintiffs' remaining claims. However, Plaintiffs are correct that this is an issue which concerns the makeup of the class, does not challenge the legal sufficiency of Plaintiffs' claims, and is better addressed after further discovery, within the context of a motion to certify the class. Accordingly, the Court declines to dismiss Plaintiffs' complaint on this basis.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss, and GRANTS IN PART, and DENIES IN PART Defendant's Motion to Strike. The following is a summary of the Court's holding:

• Plaintiffs' prayer for disgorgement is STRICKEN.

• The following claims are DISMISSED WITH PREJUDICE:
    Plaintiffs' claims relating to "0 g transfat" and "0 g cholesterol."
    Plaintiffs' claims related to the phrase "The Authentic Tradition."
    Plaintiffs' claims related to the phrase "With Garden Vegetables."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04173 AHM (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | MARY HENDERSON et al. v. GRUMA CORPORATION | | |

- The following claims are NOT dismissed:
    Plaintiffs' claims related to the phrase "Guacamole."
    Plaintiffs' claims related to the phrase "All Natural."

    No hearing is necessary.  Fed. R. Civ. P. 78; Local Rule 7-15.

                                                                                   :
                                              Initials of Preparer            SMO