| | |
|---|---|
| R. D. KIRWAN (SBN 46259)<br>DEVIN STONE (SBN 260326)<br>**BARNES & THORNBURG, LLP**<br>2049 Century Park East, Suite 3550<br>Los Angeles, California 90067-3210<br><br>Telephone: 310-284-3880<br>Facsimile: 310-284-3894<br>E-mail: Kyle.Kirwan@btlaw.com<br>Devin.Stone@btlaw.com | GREGORY S.C. HUFFMAN<br>(Admitted *Pro Hac Vice*)<br>NICOLE L. WILLIAMS<br>(Admitted *Pro Hac Vice*)<br>**THOMPSON & KNIGHT, LLP**<br>1722 Routh Street, Suite 1500<br>Dallas, Texas 75201<br>Telephone: 214-696-1700<br><br>Telephone: 214-696-1700<br>Facsimile: 214-969-1751<br>E-Mail: gregory.huffman@tklaw.com<br>nicole.williams@tklaw.com |

KALIA C. PETMECKY (SBN 194094)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: 310-229-1000
Facsimile: 310-229-1001
E-Mail: kpetmecky@akingump.com

Attorneys for Defendant
GRUMA CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HENDERSON and EILEEN JOY PEVIANI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRUMA CORPORATION and GRUMA S.A.B. de C.V.,<br><br>Defendants. | Case No. CV10-4173-AHM (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>Trial Date: February 7, 2012<br>Discovery Cut-Off: October 24, 2011 |

# PROTECTIVE ORDER

Plaintiffs Eileen Joy Peviani and Mary Henderson (collectively "Plaintiffs") and Defendant Gruma Corporation ("Gruma")[1], by and through their counsel of record, filed a Stipulation and Proposed Protective Order ("Protective Order") on May 19, 2011, because discovery in this action is likely to involve, production of confidential or proprietary business documents and information containing, among other matters, proprietary formulae and ingredients, financial and sales data, and laboratory test reports, the disclosure of which would likely cause significant financial and other harm to the competitive positions of Gruma. Such documents and information are likely to include, among other things, reports from laboratory testing concerning the amounts of certain ingredients used in Gruma's confidential and proprietary formulae and confidential sales figures pertaining to Gruma's sales of products at issue in this case. In addition, such documents and information are likely to include, among other things, Plaintiffs' confidential personal information such as bank account, credit and debit card information and other personal or financial information. Among other safeguards, such documents and information should be used solely for purposes of this action and should be protected against disclosure to the public.

THIS COURT FINDS GOOD CAUSE TO GRANT THE PROTECTIVE ORDER AND SPECIFICALLY ORDERS AS FOLLOWS:

1. This Protective Order covers only those documents and information that are entitled to confidential treatment under applicable legal principles. It does not confer blanket protections on all disclosures or responses to discovery. As set forth in Section 10 below, this Protective Order creates no entitlement to file confidential information under seal. U.S. Central District Local Rule 79-5 sets forth the procedures that must be followed, and reflects the standards that will be applied, if a Party seeks permission from the Court to file material under seal.

---

[1] Plaintiffs have dismissed Defendant Gruma S.A.B. de C.V., by a Notice of Dismissal filed on August 26, 2010 (Dkt. # 43).

**2. Definitions.**

2.1 Party: any party to this action. In the case of a party who is not a natural person, the term "Party" shall include all of the organization's officers, directors, and employees.

2.2 Disclosure or Discovery Material: all documents, items, or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

2.3 "Confidential" Information or Items: documents, information (regardless of how generated, stored or maintained), or tangible things that the designating Party in good faith believes contains confidential or sensitive proprietary, business, commercial or personal information. Information available to the public through lawful means, including catalogs, advertising materials and the like shall not be designated as "Confidential Information or Items."

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a risk of injury that could not be avoided by less restrictive means. Such information or items are likely to include, among other things, Gruma's sensitive sales figures, which if disclosed to persons other than permitted by this Protective Order would likely cause significant and substantial financial and other harm to Gruma's competitive position.

2.5 Designating Party: a Party or non-party that designates its Disclosures or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.6 Receiving Party: a Party or non-party that receives Disclosures or Discovery Material from a Designating Party.

2.7 Protected Material: any Disclosure or Discovery Material that is designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as the support staff of such attorneys).

2.9 <u>In-House Counsel</u>: attorneys who are employees of a Party (as well as their support staff).

2.10 <u>Counsel</u> (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in an area pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action; and who is not a past or a current owner, officer, director, or employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. <u>Scope.</u>**

The protections conferred by this Protective Order cover (a) Protected Material (as defined above) and (b) any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that would reveal Protected Material. Unless otherwise ordered by the Court pursuant to sections 5.2(c) and 5.2(e), nothing herein shall impose any restriction on the use or disclosure of material by a party obtained by such party independent of this action.

**4. Duration.**

The confidentiality obligations imposed by this Protective Order shall remain in effect during, and after the termination of, this action until a Designating Party agrees otherwise in writing or a Court orders otherwise.

**5. Designating Protected Material.**

5.1 <u>Exercise of Restraint and Care in Designating Disclosure or Discovery Material for Protection</u>. Each Party or non-party that designates Disclosure or Discovery Material for protection under this Protective Order shall limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate confidentiality standard. A Designating Party shall designate for protection only those parts of Disclosure or Discovery Material that warrant protection under this Protective Order, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not placed within the ambit of this Protective Order.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it or he designated for protection under the Protective Order does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party shall promptly notify all other Parties that it/he is withdrawing the improper designation in whole or in part.

5.2 <u>Manner and Timing of Designations</u>. A Party or non-party that seeks to have Disclosure or Discovery Material protected under this Protective Order shall designate it in conformity with this Protective Order.

5.2(a) <u>For Disclosure or Discovery Material in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" prominently on each page that contains Protected Material before such documents are disclosed or produced.

5.2(b) <u>For Disclosure or Discovery Material produced other than in documentary or testimony form, and for any other tangible items</u>, the Designating Party shall affix in a prominent place on the exterior of the container in which, or disk (or similar device) on which, the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

5.2(c) For Disclosure or Discovery Material (in documentary or non-documentary form) produced by another Party or non-party, each Party shall have thirty (30) days from the date of receipt of the Disclosure or Discovery Material from the other Party or non-party to meet and confer with the Party or non-party that produced the Disclosure or Discovery Material if the Party or non-party that received the Disclosure or Discovery Material believes that such Disclosure or Discovery Material must be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order. If the Parties or the Party and non-party that produced the Disclosure or Discovery Material agree on the suggested designation of the Disclosure or Discovery Material, the Parties or the Parties and the non-party that produced the Disclosure or Discovery Material shall promptly meet and confer concerning the appropriate steps to take to affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the Disclosure or Discovery Material so designated. If, however, the Parties or the Party and non-party that produced the Disclosure or Discovery Material do not agree on the suggested designation of the Disclosure or Discovery Material, the Party seeking to so designate the Disclosure or Discovery Material may seek a Court order designating such Disclosure or Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order.

5.2(d)     Each Party shall have thirty (30) days from the date of entry of this Protective Order (i) to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order any document(s) that Party has already disclosed in accordance with its Initial Disclosure obligations, and (ii) to inform the other Party of such designation. The Parties shall promptly meet and confer concerning the appropriate steps to take to affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the Disclosure or Discovery Material so designated.

5.2(e) Each Party shall have thirty (30) days from the date of entry of this Protective Order to inform the other Party that it seeks to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order any document(s) already disclosed in accordance with the other Party's Initial Disclosure obligations. If the Parties agree to the proposed designation, the Parties shall promptly meet and confer concerning the appropriate steps to take to affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the Disclosure or Discovery Material so designated. If, however, the Parties do not agree to the proposed designation, the Party seeking to designate any document(s) already disclosed in accordance with the other Party's Initial Disclosure obligations, may seek a Court order designating such documents "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order.

5.2(f) <u>For Disclosure or Discovery Material in the form of testimony given in deposition or in other pretrial or trial proceedings</u>, the witness offering the testimony or his or her attorney shall identify protected testimony on the record, before the close of the deposition, hearing, or other proceeding, and further specify the portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Arrangements shall be made with the court reporter taking and transcribing testimony designated as "Confidential" or "Highly Confidential – Attorneys' Eyes

Only" to label such portions accordingly. Transcript pages containing Protected Material shall be separately bound by the court reporter, who must prominently affix on each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

Electronic versions of deposition transcripts and videotapes of depositions that have been designated, in whole or in part, 'Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used only by Counsel in this Action. The parties agree that, in preparing electronic versions of such designated deposition transcripts and videotapes, the court reporter and the audio and videographer are not required to segregate information that is protected under this Protective Order from information that is not protected.

Any Party may also designate testimony that is entitled to protection by notifying all Parties in writing, within thirty (30) days or receipt of the transcript, or the specific pages and lines of the transcript that should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" thereafter, or thirty (30) days from the date of entry of this Protective Order, whichever date is later. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Unless otherwise indicated, all deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the transcript, provided, however, that this provision shall not limit a deponent's right to review his or her deposition transcript under Federal Rule of Civil Procedure 30(e). If any depositions are taken within 45 days of trial, the Parties shall cooperate to accelerate the review process to finalize the designation of the transcript.

      5.3    <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

secure protection under this Protective Order for such material. If any Disclosure or Discovery Material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on notification of the designation, shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

      5.4    Non-party Designations During Deposition. During the deposition of any non-party, the non-party or its/his/her attorney may designate any Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" so long as it/she/he is designating in good faith. Any non-party seeking to invoke any protection accorded by the Protective Order shall either provide to all Outside Counsel a signed copy of the "Agreement to Be Bound by Protective Order" (attached as Exhibit A) or so agree on the record during the deposition.

**6.    Challenging Confidentiality Designations.**

      6.1    Assertion of a Challenge. If a Party wants to challenge a confidentiality designation by a Designating Party, the Party asserting the challenge shall send a written notification to the Designating Party (and the other Party to this action if the Designating Party is a non-party) identifying the Disclosure or Discovery Material that is being challenged and explaining the basis for the challenge. The Party asserting the challenge shall then confer in good faith with counsel for the Designating Party (and counsel for any other Party hereto) in an attempt to resolve the dispute. A challenging Party may not seek judicial intervention until it has complied with this notice and meet-and-confer requirement.

      6.2    Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the action, a Party does not waive its/his right to challenge a confidentiality designation by electing not to challenge a designation promptly after it is made.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation may file and serve a motion under the applicable Federal and Local Rules (and in compliance with U.S. Central District Local Rule 79-5, if applicable) that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge.  Each such motion shall be accompanied by a competent declaration that affirms that the movant has complied with the pre-filing conference requirements set forth in paragraph 6.1, consistent with the Federal Rules of Civil Procedure and Central District Local Rules.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules otherwise, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection designated by the Designating Party.

**7.     Access To And Use Of Protected Material.**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the action has been terminated, a Receiving Party shall comply with the provisions of Section 11 below.

A Receiving Party shall maintain Protected Material at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

7.2     Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to the following:

7.2(a)          the Receiving Party, including its officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this action;

7.2(b) Outside Counsel;

7.2(c) Experts to whom disclosure is reasonably necessary for this action who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7.2(d) the Court and its personnel;

7.2(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this action;

7.2(f) during their depositions or deposition preparation, witnesses in the action to whom disclosure is reasonably necessary and who agree to be bound by this Protective Order;

7.2(g) the author of or recipient of the Protected Material; and

7.2(h) arbitrators, mediators or other settlement officers stipulated to by the parties or appointed by the Court.

7.3 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to the following:

7.3(a) Outside Counsel;

7.3(b) In-House Counsel to whom disclosure is reasonably necessary for this action;

7.3(c) Experts to whom disclosure is reasonably necessary for this action who have signed the "Agreement to Be Bound by Protective Order" (Exhibit B);

7.3(d) the Court and its personnel;

7.3(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this action;

7.3(f) during their depositions or deposition preparation, witnesses in the action to whom disclosure is reasonably necessary and who agree to be bound by this Protective Order;

7.3(g) the author or recipient of the Protected Material; and

7.3(h) arbitrators, mediators, or other settlement officers stipulated to by the Parties or appointed by the Court.

**8. Protected Material Subpoenaed Or Ordered Produced In Other Litigation.**

If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party shall immediately notify the Designating Party in writing and in no event more than five (5) days after receiving the subpoena or Court order. Such notification shall include a copy of the subpoena or Court order.

The Receiving Party shall also immediately inform in writing the party that caused the subpoena or order to issue in the other litigation that some or all the information, documents or items covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party shall deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this action an opportunity to try to protect its/his/her confidentiality interests in the forum where the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its Protected Material in that forum. Nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

## 9. Unauthorized Disclosure Of Protected Material.

If a Receiving Party learns that, by inadvertence or otherwise, it/he has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall immediately (a) notify in writing the Designating Party of the details of the unauthorized disclosures, (b) use its/his best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A or B as appropriate).

## 10. Filing Protected Material.

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material, unless that Party seeks to file such Protected Material under seal in compliance with U.S. Central District Local Rule 79-5.

## 11. Final Disposition.

Unless otherwise ordered or agreed in writing by the Designating Party, after the final termination of this action, including any appeals, if a Designating Party requests in writing the return or destruction of any or all of its Protected Material from the Receiving Party, within ten (10) business days of such request, the Receiving Party shall submit a written certification, under penalty of perjury, to the Designating Party that all Protected Material was returned to the Designating Party or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel may retain all copies of Protected Material that Outside Counsel received during this action and are part of Outside Counsel's files in this action. Any such copies retained by Outside Counsel that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

**12. Miscellaneous.**

    12.1   Right to Further Relief.

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it//he otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

IT IS SO ORDERED.

Dated: May 20, 2011

By _____
The Honorable Andrew J. Wistrich
United States Magistrate Judge