UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No. CV 10-4173-AHM (AJWx)                Date: November 9, 2011

Title: <u>Mary Henderson v. Gruma Corporation, et al.</u>
==================================================================
PRESENT:      **HON. <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

          <u>    Ysela Benavides    </u>             <u>                        </u>
               Deputy Clerk                        Court Reporter


ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
          None Present                              None Present


**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL RESPONSES WITHOUT OBJECTION TO DEFENDANT'S REQUESTS FOR PRODUCTION**

Defendant served its requests for production on May 20, 2011. Plaintiffs did not serve their responses for production until September 13, 2011, nearly three months after they were due.[1] Defendant asks the court to find that all of plaintiffs' objections – including those based on privilege or the attorney work product protection – have been waived and to compel the production of all documents responsive to the requests.

The attorney who appeared for plaintiffs at the hearing apparently was not involved in the underlying events and was poorly prepared. He could not state definitively whether plaintiffs had produced any documents in response to defendant's requests for production, or whether plaintiffs had served a privilege log.[2] Other counsel for plaintiffs, who presumably could have answered the court's questions, evidently were engaged with more important matters elsewhere, even though they asserted in their opposition that if this motion is granted, it "will sound the death knell for this action." [Joint Stipulation at 4]. By failing to send appropriately prepared counsel to the hearing, plaintiffs violated a Local Rule. C.D. Cal. L.R. 7-14 ("Counsel for the moving party and the opposing party shall be present on the hearing date and shall have such

---

[1] Although it might have been more professionally courteous for defendant to contact plaintiffs about the untimely responses earlier than it did, it is not defendant's responsibility to remind plaintiffs of their obligation to comply with discovery deadlines.

[2] As to the former, he initially stated that plaintiffs had produced their documents, but when challenged by defendant's counsel, he conceded that he was not sure. As to the latter, he stated that to the best of his knowledge plaintiffs have not served a privilege log.

familiarity with the case as to permit informed discussion and argument of the motion.").

Failure to serve a timely response to a discovery request waives all objections. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."), Davis v. Fendler, 650 F.2d 1154, 1160 (9th cir. 1981)("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged.").

Plaintiffs ask the court to apply the six-factor test utilized in Valdez v. Aguallo, 2009 U.S. Dist. Lexis 59003, at 3 (N.D. Cal. June 24, 2009), and to exercise its discretion to relieve them from their waiver. Although the court is not obliged to apply that test, which actually originated in Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005), plaintiffs do not fare well under it. Plaintiffs' delay was lengthy (nearly three months), their explanation for the delay (disorganization due to staff turnover and office relocation) is hardly compelling, and the nature of defendant's discovery requests does not suggest either that they were wildly inappropriate or that timely service of responses was unreasonably difficult (indeed, when told their responses were long overdue, plaintiffs apparently served them very quickly). At best, then, only three of the six factors weigh against finding a waiver.

In addition, the contrast between the facts of Valdez and the facts of this case is stark. In Valdez the responding party actually mailed its responses before they were due, but because of inadvertent errors in the address, the responses could not be delivered and had to be re-mailed one day after the deadline, ultimately arriving two days late. Not surprisingly, the court found that no waiver had occurred. Valdez, at 3-4. Obviously, that case bears no resemblance to this one.

Even if plaintiffs were correct in contending that they should be relieved from their Richmark/Davis waiver, there is a second source of waiver that plaintiffs have not addressed. Plaintiffs have not demonstrated that they have served a privilege log. "[B]oilerplate obligations or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." Burlington Northern & Santa Fe Ry. Co. v. United States District Court, 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, a party must serve a privilege log within Rule 34's thirty-day time limit, unless an analysis employing a multi-factor test suggests that the thirty-day "default guideline" should be expanded. Burlington Northern, 408 F.3d at 1149.

2

Plaintiffs did not address this issue in their papers, and plaintiffs' counsel was not prepared to discuss Burlington Northern's multi-factor test during the hearing. In the court's view, however, none of the prescribed factors weighs in favor of relieving plaintiffs from their waiver.

Plaintiffs still have not served a privilege log approximately four and one-half months after their responses were due. In Burlington Northern, the court noted that in the absence of mitigating circumstances, a five month delay "alone would immunize the district court's ruling [finding a waiver] from reversal...." Burlington Northern, 408 F.3d at 1149. Eighteen weeks is not twenty weeks, but it is close enough.

Courts, including this one, are reluctant to find a waiver of the attorney client privilege or the attorney work product protection. But if through ineptness, lack of concern, and failure to comply with clearly established law a waiver occurs, it is not the court's responsibility to circumvent it.

Defendant's motion is **granted**. Plaintiffs must produce all documents responsive to defendant's requests for production within 14 days. All objections – including objections based on privilege or the attorney work product protection – are waived. The scope of the waiver of privilege or the attorney work product protection is limited to documents created on or before the date of this order.

Defendant has requested an award of monetary sanctions in the amount of $2,100.00. Because plaintiffs opposition to the motion was not substantially justified, and because the amount sought is plainly reasonable in the circumstances, plaintiffs are directed to pay that sum to defendant within 14 days.

Failure to comply with this order in any material respect may result in the imposition of further sanctions, potentially including evidence preclusion or dismissal with prejudice, as well as an additional monetary award.

**IT IS SO ORDERED.**

cc: Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN